IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 05-30072 |
| | ) | |
| ADAM G. TOWNSEND, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

OPINION

This cause is before the Court on Defendant Adam G. Townsend's pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense ("Motion"). See d/e 49. Because Defendant was sentenced as a career offender, he is not eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2). Therefore, Defendant's Motion is DISMISSED for lack of subject matter jurisdiction.

FACTS

In December 2005, Defendant pled guilty to possessing five or more grams of cocaine base (crack) with the intent to distribute (Count 1) and to being a felon in possession of a firearm (Count 2). 18 U.S.C. §

841(a)(1), (b)(1)(B); 18 U.S.C. § 922(g).  At Defendant's April 2006 sentencing hearing, the Court sentenced Defendant as a career offender.  The Court found that, after a three-level reduction for acceptance of responsibility, Defendant had an offense level of 34, and a criminal history of VI, resulting in a guideline range of 262 to 327 months' imprisonment.  The Court sentenced Defendant to 262 months' imprisonment.

In February and April 2008, Defendant filed pro se Motions for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 31,35).  The Court denied the Motions, finding Defendant was ineligible for a reduction because he was sentenced as a career offender.  See Text order, May 27, 2008.  Defendant appealed the decision, and the Seventh Circuit affirmed.  United States v. Townsend, 324 Fed. Appx. 522 (7th Cir. 2009).

On November 9, 2011, Defendant filed the Motion at issue herein.  See d/e 49.  Pursuant to Administrative Order 11-MC-2042, this Court appointed the Federal Defender to represent Defendant on his Motion.

On November 28, 2011, Jonathan E. Hawley, Chief Public Defender, moved to withdraw as counsel for Defendant. See d/e 50. Hawley concluded Defendant was ineligible for a reduced sentence pursuant to the retroactive amendment to the crack cocaine guidelines because Defendant was sentenced as a career offender. On November 28, 2011, this Court granted Hawley leave to withdraw and granted Defendant additional time to supplement his motion or file a new motion for a reduced sentence.

On December 27, 2011, Defendant filed a supplement to his Motion. See d/e 51. In the supplement, Defendant asserts that this Court has the discretion to reduce his sentence under 18 U.S.C. § 3582. Defendant further asserts that the Court is mandated to "compensate" for Defendant's overstated criminal history and postsentencing rehabilitation, citing Pepper v. United States, 131 S.Ct.1229, 1241 (2011) (when a defendant's sentence is set aside on appeal, the district court may consider at resentencing evidence of the defendant's postsentencing rehabilitation) and Spears v. United States, 555 U.S. 261,

263-264 (2009) (at sentencing, a district court may reject and vary categorically from the crack-cocaine Guidelines). Defendant seeks a reduced sentence of 140 months' imprisonment.

## ANALYSIS

"District courts have limited power to revisit sentences once they are imposed." United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003); see also 18 U.S.C. § 3582(c) (providing that a court cannot modify a term of imprisonment once it has been imposed except in certain circumstances provided therein). Section § 3582(c)(2) of the United States Code allows a court to reduce a previously imposed sentence (1) where the defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). If the defendant cannot satisfy the first criterion, the court lacks subject-matter jurisdiction to consider the reduction request. United States v. Forman, 553 F.3d 585, 588 (7th

Cir. 2009).

Here, the Court lacks subject-matter jurisdiction to consider Defendant's reduction request because the sentencing range on which his sentence was based–the career offender guideline–was not subsequently lowered by the Sentencing Commission.

The Fair Sentencing Act of 2010, amending 21 U.S.C. § 841(b)(1), reduced the disparity between sentences involving crack and powder cocaine by raising the amounts of crack mandating minimum prison sentences. See Pub. L. No. 111-220, 124 Stat. 2372; see also 21 U.S.C. § 841(b()1); United States v. Vance, 659 F.3d 613, 616 (7th Cir. 2011). The Act also ordered the United States Sentencing Commission to amend the Federal sentencing guidelines "'to achieve consistency with other guideline provisions and applicable law.'" United States v. Perez, 2011 WL 2183879, at *1 (N.D. Ind. 2011), quoting Pub. L. No. 111-220 at § 8, 124 Stat. at 2374.

The Sentencing Commission amended the sentencing guidelines by reducing the sentencing guideline ranges for certain federal crack cocaine

offenders.  See Amendment 750.  Effective November 1, 2011, the Sentencing Commission made those amended sentencing guidelines apply retroactively.  See U.S.S.G. § 1B1.10(a), (c) (providing that a court may reduce the sentence of a defendant serving a sentence of imprisonment where the sentencing guideline range was lowered as a result of Amendment 750).  "Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2)." United States v. Turner, 2011 WL 4704277, at*1 (W.D.Va. 2011).

In this case, however, Defendant's guideline range was based on the career offender guideline (U.S.S.G. § 4B1.1) and not the guideline range for crack cocaine offenses.  Because Amendment 750 did not change the career offender guideline, Defendant does not qualify for a sentence reduction under § 3582(c)(2).  See Forman, 553 F.3d at 589-90 (holding that a crack cocaine offender sentenced under the career offender guideline was not eligible for a reduced sentence under section

3582(c)(2)).

To the extent Defendant argues that this Court nonetheless has the discretion to reduce his sentence, this argument fails.  Unless Defendant can show that the Sentencing Commission lowered the sentencing range under which Defendant was sentenced, this Court lacks subject-matter jurisdiction to consider the reduction request under §3582(c)(2).  Forman, 553 F.3d at 588; see also, e.g., United States v. Anthony, 2010 WL 145777, at *2 (S.D. Ill. 2010) (rejecting the argument that the court had the discretion to reduce the defendant's sentence despite the fact that the defendant's guideline sentencing range had not been lowered).

Further, as stated, Defendant argues Pepper and Spears require this Court to "compensate" Defendant for his overstated criminal history and postsentencing rehabilitation.  However, those cases are distinguishable from the present case because the district court in Pepper and Spears had jurisdiction to consider those factors.  See Pepper, 131 S. Ct. at 1241 (involving a remand for resentencing after a successful direct appeal); Spears, 555 U.S. at 265 (involving the initial sentencing).  Here, because

Defendant is not eligible for a reduction pursuant to § 3582 (c)(2), this Court lacks jurisdiction to reduce his sentence or consider his alleged overstated history and postsentencing rehabilitation.

## CONCLUSION

For the reasons stated, Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 49) is DISMISSED for lack of subject-matter jurisdiction.

ENTERED: January 6, 2012

FOR THE COURT:

                                    s/ Sue E. Myerscough
                                   SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE